DSM REALTY, INC. *vs.* BOARD OF ASSESSORS OF ANDOVER. April 4, 1984. *Taxation,* Real estate tax: assessment, value.

The taxpayer, owner of the New Indian Ridge Country Club in Andover, appeals from the denial by the Appellate Tax Board (board) of real estate tax abatements for fiscal years 1978 and 1981. There was no error.

The board was warranted in concluding that the taxpayer had not met its burden of proof on its claim that the property had been assessed in excess of its fair cash value. The taxpayer's expert presented an opinion of value based on allegedly comparable sales of private golf courses. It was his view that the highest and best use of the property was as a private golf course. The board concluded that none of the sales on which the taxpayer's expert relied was a sale of comparable property. It rejected the 1972 sale of the subject golf course and 115 acres of adjacent land as too remote in time, not limited to a golf course, and not within the expert's personal knowledge. The board appropriately rejected a 1975 sale of the adjacent 115 acres because it was not the sale of a golf course. It rightly disregarded the 1977 foreclosure sale of the subject golf course because it was not shown to be an arm's-length sale. A foreclosure sale inherently suggests a compulsion to sell; a proponent of evidence of such a sale must show circumstances rebutting the suggestion of compulsion. Cf. *Westwood Group, Inc.* v. *Assessors of Revere, ante* 1012 (1984) (sale by city, to place land back on the tax rolls, made to a purchaser with G. L. c. 121A "tax agreement" not shown to be under compulsion). The taxpayer made no such showing. The sale of a nine-hole golf course in Groton on a date not shown clearly lacked comparability. The board properly rejected the expert's reliance on the offering price of a golf course in Holden.

Finally, the board rejected the 1979 sale of the Andover Country Club (213 acres) and 140 adjacent acres. In the face of a recent sale of a golf course within the town, about two miles from the subject property, one might seriously question whether the board could fairly reject that sale as

not comparable. The board found a lack of comparability because of the inclusion in the sale of 140 acres not part of the golf course and because the amenities at the subject golf course were far superior (tennis courts and swimming pools). There was evidence that the subject property was in a better residential area; that the 140 acres sold with the Andover Country Club contained a gravel pit and twenty to twenty-five acres of swamp; and that the buildings and facilities at the subject property were superior to those at the Andover Country Club. The board member who heard the evidence took a view of both areas. The board was warranted on the record in concluding that the sale of the Andover Country Club and 140 surrounding acres was not the sale of property that shared "fundamental similarities" with the subject property. *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456, 470 (1981). The board was thus justified in concluding that the taxpayer did not meet its burden of proof.

*Decision of the Appellate*
*Tax Board affirmed.*

The case was submitted on briefs.

*Joseph F. Dalton* for the taxpayer.

*John M. Lynch & Laurence F. Ward* for the Board of Assessors of Andover.


